**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2639-16T2

DIANA ORLANDO,

    Plaintiff-Appellant,

v.

JOSEPH ORLANDO,

    Defendant-Respondent.

_____

Submitted April 9, 2018 — Decided August 16, 2018

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Monmouth
County, Docket No. FM-13-1569-15.

Villani & DeLuca, PC, attorneys for
appellant (Benjamin M. Hoffman, on the
briefs).

Keith, Winters & Wenning, LLC, attorneys for
respondent (Brian D. Winters, on the brief).

PER CURIAM

    In this post-judgment matrimonial matter, plaintiff Diana

Orlando appeals from a November 18, 2016 Family Part order

denying her request that defendant Joseph Orlando be sanctioned

for failing to make certain alimony payments, and that he pay

her counsel fees.  We vacate the order under review and remand for further proceedings.

I

In August 2015, the parties divorced after entering into a property settlement agreement (PSA).  Under the PSA, defendant is obligated to pay plaintiff $4000 per month in alimony and, as it is termed in the PSA, "additional alimony," which is $6000 per year or thirty-three percent of defendant's annual bonus, whichever sum is greater.  The PSA specifically states defendant usually receives his annual bonus in February or March of each year.

Defendant did not pay plaintiff the additional alimony in March 2016, and ignored plaintiff's requests that he do so, necessitating plaintiff file a motion to enforce payment of his share of his annual bonus.  On May 27, 2016, the court entered an order (May order) providing, in relevant part, that defendant pay plaintiff the additional alimony by June 3, 2016 and, if he failed to do so, pay $100 per day as a sanction until he did. The order also directed defendant to pay plaintiff $1975.50 for the costs and counsel fees she incurred to prosecute the motion.

Defendant failed to pay the additional alimony by June 3 and, thereafter, did not pay the $100 per day sanction.  He also did not pay plaintiff the $1975.50 costs and counsel fee award.

2

On July 25, 2016, plaintiff filed a motion to hold defendant in violation of litigant's rights, see Rule 1:10-3, and to enforce the May order. As for the $100 per day sanction, plaintiff sought $5200, the amount defendant should have paid from June 3 to the day she filed the motion.

The motion was not heard for four months and, in the interim, defendant paid the additional alimony, in August 2016, although he subtracted from the amount he owed plaintiff her share of joint taxes which defendant had paid on her behalf. However, because defendant did not pay the $5200 sanction or the $1975.50 counsel fee award, plaintiff declined to withdraw the motion. Plaintiff also sought counsel fees for having to file the second motion.

Defendant asserted the following in a certification he filed in response to plaintiff's second motion. He pointed out that, in the PSA, the parties agreed to file joint federal and state tax returns for tax year 2014 and to equally split any taxes owed. On June 9, 2016, defendant sent plaintiff an email advising he had received a notice from the IRS informing the parties they owed an additional $9511.90 in federal taxes for tax year 2014, and such additional taxes were due July 6, 2016. It is not clear when defendant received such notice. Defendant also stated in his email to plaintiff that she should "look into

3

this as you were the tax preparer, not me." Plaintiff never responded and defendant paid the entire amount owed to the IRS.

Defendant certified that, although he had been informed the previous March he would be receiving an annual bonus of $22,500, he did not actually receive the bonus at that time. Defendant did not state when in fact he received the bonus, but conceded plaintiff was ostensibly entitled to $7425 of that bonus as her 2016 additional alimony.

Defendant further represented that, on July 18, 2016, he gave his attorney a check for $1202 to send to plaintiff. He claimed the latter sum represented plaintiff's percentage of his annual bonus after deducting her share of the federal taxes he paid to the IRS on her behalf, as well as taxes he also discovered the parties owed to the State of New York for tax year 2014.

Defendant also certified that he was unaware his attorney had personal problems, which precluded him from practicing law effectively. In fact, defendant's attorney closed his law practice in the latter part of August. However, defendant discovered that the attorney's secretary forwarded the check for $1202 to the plaintiff's attorney on or about August 19, 2016. Finally, defendant did not dispute he owed $1975.50 to plaintiff

4

for the costs and fees she incurred to file the motion that resulted in the May order.

On November 18, 2016, the court entered an order which, among other things, denied plaintiff's request defendant be held in violation of litigant's rights for failing to pay the $5200 sanction. The court also denied plaintiff the counsel fees she incurred for having to file the second motion. In a written opinion filed pursuant to Rule 2:5-1(b), the court stated it denied enforcing the sanction because there was no evidence defendant had been served with the May order and, thus, was unaware he would be sanctioned if he did not pay the additional alimony by June 3, 2016.

As for plaintiff's request she be awarded counsel fees for having to file the second motion, the court found defendant had not exhibited any bad faith even though he failed to pay the additional alimony by June 3, 2016. According to the court, defendant made "numerous attempts to satisfy his obligations under their [PSA] which were enforced by the May 27, 2016 Order. Husband . . . provided payment to Wife of what he thought he owed her, as well as came to his current counsel to 'settle-up' with Wife."

5

On appeal, plaintiff contends the trial court erred when it denied her request that defendant pay her the $5200 sanction. She points out defendant never stated in his certification or otherwise contended he had not been served with the May order; therefore, she argues, the court's purported reason for denying her the subject relief was unsupported by the record.

Plaintiff further maintains the court failed to provide sufficient reasons for denying her request for counsel fees, and improperly limited its evaluation of whether she was entitled to counsel fees to a consideration of whether defendant acted in bad faith.  Plaintiff noted the court was obligated to consider not only whether defendant had engaged in bad faith but also the other factors in Rule 5:3-5(c).  Such factors include, but are not limited to, the parties' financial circumstances and their ability to pay their own or the other party's counsel fees.  She argues the latter factor is significant because defendant makes close to $200,000 per year and she makes only $48,000 per year, plus defendant's share of his annual bonus.

We first address plaintiff's contention the court erred by failing to enforce the sanction.  Our review of the record reveals defendant never stated in his certification that he had not been served with this order.  The crux of defendant's

6

opposition to paying the sanction was he encountered delays that excused his late payment of the additional alimony. Specifically, he suggested the discovery that the parties owed back taxes, his efforts to persuade plaintiff to contribute toward such debt, and his attorney's failure to attend to this matter and mail out defendant's check to plaintiff excused him from having to pay the additional alimony on June 3, 2016 and, thus, he should not have to pay a sanction.

We note the nature of the relief plaintiff sought in her second motion was that defendant be held in violation of litigant's rights, and ordered to pay the sanction of $5200. Before relief can be granted pursuant to Rule 1:10-3, a court must determine if the delinquent party willfully violated the order alleged to have been violated. See In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 18 (2015); Schochet v. Schochet, 435 N.J. Super. 542, 548-49 (App. Div. 2014); Pressler & Verniero, Current N.J. Court Rules, cmt. 4.3 on R. 1:10-3 (2018) ("Before punitive or coercive relief can be afforded, the court must be satisfied that the party had the capacity to comply with the order and was willfully contumacious.").

If defendant's failure to pay the additional alimony by June 3, 2016 was not willful but excusable, then enforcing the sanction and imposing additional counsel fees to enforce the May

7

order may not be warranted. However, the trial court did not determine whether defendant's actions in failing to pay the additional alimony until August 2016 was contumacious and, in our view, could not have done so from this record. There was insufficient evidence about when defendant received his bonus, when he learned of the tax deficiencies, and whether he was in fact precluded from making the additional alimony payment by June 3, 2016. Therefore, we must remand this matter so the court may make a finding on whether defendant's conduct was excusable and not contumacious. We leave to the court's discretion whether a plenary hearing is required.

On the issue of counsel fees, even if defendant did not act willfully, plaintiff may be entitled to fees on other grounds. On remand, the court must consider all of the factors in <u>Rule</u> 5:3-5(c) and determine if defendant is obligated to contribute toward plaintiff's fees.

The November 18, 2016 order is vacated and this matter remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8